## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| SAMSON RESOURCES CORPORATION,[1] | Case No. 15-11934 (BLS) |
| Reorganized Debtor. | |
| PETER KRAVITZ, as Settlement Trustee of and on behalf of the SAMSON SETTLEMENT TRUST; | |
| Plaintiff, | Adv. Pro. No. 17-51524 (BLS) |
| v. | |
| SAMSON ENERGY COMPANY, LLC, *et al.*, | |
| Defendants. | |

## SIXTEENTH AMENDED CASE MANAGEMENT PLAN AND SCHEDULING ORDER

WHEREAS, on July 24, 2018, the Court entered the Case Management Plan and Scheduling Order [Adv. D.I. 76];

WHEREAS on March 22, 2019, the Court entered the Amended Case Management Plan and Scheduling Order [Adv. D.I. 132];

WHEREAS on August 14, 2019, the Court entered the Second Amended Case Management Plan and Scheduling Order [Adv. D.I. 159];

WHEREAS on November 6, 2019, the Court entered the Third Amended Case Management Plan and Scheduling Order [Adv. D.I. 169];

---

[1]   The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number, is Samson Resources Corporation (1227). The location of the Reorganized Debtor's corporate headquarters and service address is: 15 East 5th Street, Suite 1000, Tulsa, Oklahoma 74103.

WHEREAS on January 28, 2020, the Court entered the Fourth Amended Case Management Plan and Scheduling Order [Adv. D.I. 187];

WHEREAS on April 2, 2020, the Court entered the Fifth Amended Case Management Plan and Scheduling Order [Adv. D.I. 206];

WHEREAS on May 22, 2020, the Court entered the Sixth Amended Case Management Plan and Scheduling Order [Adv. D.I. 222];

WHEREAS on July 23, 2020, the Court entered the Seventh Amended Case Management Plan and Scheduling Order [Adv. D.I. 242];

WHEREAS on September 29, 2020, the Court entered the Eighth Amended Case Management Plan and Scheduling Order [Adv. D.I. 250];

WHEREAS on November 9, 2020, the Court entered the Ninth Amended Case Management Plan and Scheduling Order [Adv. D.I. 261];

WHEREAS on January 26, 2021, the Court entered the Tenth Amended Case Management Plan and Scheduling Order [Adv. D.I. 298];

WHEREAS on March 22, 2021, the Court entered the Eleventh Amended Case Management Plan and Scheduling Order [Adv. D.I. 307];

WHEREAS on June 3, 2021, the Court entered the Twelfth Amended Case Management Plan and Scheduling Order [Adv. D.I. 314];

WHEREAS on July 16, 2021, the Court entered the current Thirteenth Amended Case Management Plan and Scheduling Order [Adv. D.I. 323];

WHEREAS on September 28, 2021, the Court entered the Fourteenth Amended Case Management Plan and Scheduling Order [Adv. D.I. 332];

WHEREAS on October 14, 2021, the Court entered the Fifteenth Amended Case Management Plan and Scheduling Order [Adv. D.I. 334];

WHEREAS, the parties to the Action (the "Parties," and individually a "Party") have continuing disagreements on the extent and timing of disclosures relating to the identity or identities of, factual support for, and documents concerning any "creditor[s] holding an unsecured claim that is allowable under section 502 of the Bankruptcy Code or that is not allowable only under section 502(e) of the Bankruptcy Code," as that phrase is used in the Complaint, ¶¶ 109 & 140 ("Triggering Creditors"), and the Parties agree that their agreement to the revised schedule set forth below shall not be deemed to prejudice in any way either Party's rights or arguments concerning such disagreements or restrict the timing of any discovery or motion directed to resolving these issues, except that the Parties agreed that the Trustee was not required to identify Triggering Creditors before June 4, 2021;

WHEREAS, the Parties conferred to discuss appropriate revisions to the Case Management Plan and Scheduling Order, in part due to the ongoing COVID-19 pandemic, and have reached an agreement as to the following revised schedule.

## **<u>SCOPE OF DISCOVERY</u>**

1.  Each Party may take discovery on all matters relevant to the Action consistent with this Order.  Nothing in this Order shall be deemed a waiver of any Party's rights to assert any applicable privilege or work-product protections or any other appropriate objections to disclosure available under the Federal Rules of Civil Procedure ("FRCP"), as applied to this proceeding by the Federal Rules of Bankruptcy Procedure ("FRBP").  A Party's production of information in accordance with this Plan shall not be deemed a concession by such Party as to the relevance or use of such documents or information at trial or otherwise.

## <u>DISCOVERY SCHEDULE AND RELATED MATTERS</u>

2.  The following schedule shall govern discovery and related matters absent further agreement of the Parties or order of the Court.

a.  **<u>Initial Disclosures.</u>**  The deadline for serving initial disclosures required by Rule 26(a)(1) was **September 7, 2018.**

b.  **<u>Fact Discovery.</u>**

i.  The deadline for serving document discovery requests ("Document Requests") was **September 21, 2018.**

ii.  The deadline for serving any other written discovery on any other Party was **November 26, 2018.**

iii.  The deadline for production of documents in response to the Document Requests was **May 15, 2019**.

iv.  Deposition notices must be served no later than fourteen (14) days prior to the deposition date, and any objections thereto must be served no later than seven (7) days before the deposition date; provided, however, that the objection deadline will be no earlier than three days after the date the deposition notices are served. The Parties shall confer upon dates convenient for the witness and counsel with respect to the scheduling of individual depositions.

v.  Pursuant to FRCP 30(b)(3) and 30(b)(4), as made applicable by FRBP 7030, depositions of fact witnesses may take place by videoconference or other remote means, and shall be recorded by reliable audiovisual means.[2]

vi.  Due to the COVID-19 pandemic, the Parties agreed not to schedule any new depositions on or before **August 7, 2020**, after which date depositions resumed.

vii.  **December 18, 2020** was the last date by which Parties were permitted to serve deposition notices on any other Party.

---

[2] This Order does not dispense with the requirements set forth in FRCP 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer.  For the avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., video conference or other remote means) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

    viii.  Parties were permitted to serve discovery requests on third parties at any time on or prior to **December 18, 2020** (the "Third Party Deadline").

    ix.  **January 31, 2021** was the date by which Parties were required to provide categorical privilege logs of documents responsive to the Document Requests that were withheld on the basis of any claim of privilege (the "Privilege Logs"). The Privilege Logs shall provide (1) the date range of the documents, (2) author(s)/sender(s) and recipients, (3) the general subject matter, (4) the basis for withholding the documents (*e.g.,* attorney-client privilege, work-product doctrine), and (5) the number of documents withheld in that category.

    x.  **April 23, 2021** was the last date on which Parties were permitted to serve requests for admission ("RFAs").

    xi.  The deadline to file any motions to compel discovery responses and document production from any other Party (other than a motion regarding the Triggering Creditor issues, which is excepted from this order as provided in the preamble) was **April 23, 2021**, except that (a) a Party shall have 60 days from receipt of a privilege log to file a motion to compel based on that privilege log; and (b) a Party shall have 14 days from receipt of responses to requests for admissions ("RFA Responses") to file a motion to compel based on those RFA Responses.

    xii.  **April 30, 2021** was the date on which all fact discovery was to be completed, including discovery from third parties, subject to an agreed upon extension of that deadline to complete certain fact depositions that have since been completed (other than discovery regarding the Triggering Creditor issues, which is excepted from this order as provided in the preamble).  Reasonable requests for follow up documents or limited fact depositions based on new information discovered after this date will not be unreasonably withheld.  Subject to the foregoing, depositions may be taken only of deponents noticed to date, except (i) that the parties may notice additional depositions concerning the issue of whether certain entities qualify as "financial participants" as defined in the Bankruptcy Code provided that such depositions shall be completed on or before April 30, 2021, and (ii) upon agreement of the parties or for good cause shown.  This period shall not be extended except upon agreement of the parties or for good cause shown.  Good cause shown shall include, without limitation, a showing by a party that it has diligently exercised its rights to obtain the testimony of a third party and has not been able to complete the deposition by April 30, 2021, or that the late disclosure by an opposing party of a document or other fact precluded concluding discovery within the periods.

c. **Expert Discovery.**

    i. **July 9, 2021, at 4:00 p.m.** was the deadline by which Parties were required to designate initial expert witnesses, whose expert reports are due for exchange on July 27, 2021, including a brief description of the general topics on which those witnesses will testify.

    ii. **July 27, 2021,** was the date by which the Parties engaged in the simultaneous exchange of expert reports on issues for which they bear the burden of proof (it being understood that the submission of such an expert report shall not be deemed an admission by the submitting party that it bears the burden of proof on any issue).  These reports must satisfy the requirements of rule 26(a)(2)(B) of the FRCP.

    iii. **September 14, 2021, at 4:00 p.m.** was the deadline by which Parties were required to designate all expert witnesses whose expert reports were due for exchange on October 20, 2021, including a brief description of the general topics on which those witnesses will testify.

    iv. **October 20, 2021,** was the date by which the Parties engaged in the simultaneous exchange of any expert rebuttal reports as well as any disclosures prepared by the rebuttal expert witnesses in response to initial expert reports.  These disclosures must satisfy the requirements of rule 26(a)(2)(B) of the FRCP. No Party shall be obligated to submit an expert rebuttal report.  No Party shall object to any of the reports that were served on October 20, 2021 on the basis that the report contained material that was beyond the scope of appropriate rebuttal.

    v. **November 19, 2021**, was the deadline by which Parties were required to designate all expert witnesses whose expert reports are due for exchange on December 17, 2021, including disclosure of the topics on which the expert's sur-rebuttal opinion will be offered and a brief description of the sur-rebuttal opinion.  Plaintiff met this deadline by serving its list of potential experts by email on counsel for Defendants; Defendants will not serve any reports on December 17, 2021.

    vi. **December 17, 2021,** shall be the date by which Plaintiff shall serve any expert sur-rebuttal reports as well as any disclosures prepared by the sur-rebuttal expert witnesses in response to the expert reports served on October 20, 2021.  These disclosures must satisfy the requirements of rule 26(a)(2)(B) of the FRCP. No Party shall be obligated to submit an expert sur-rebuttal report.  This date shall only be extended for good cause shown and in no event shall be extended beyond December 23, 2021.

    vii. **February 18, 2022,** shall be the date by which all expert discovery shall be complete. The Parties shall confer and agree upon dates for conducting expert depositions no later than **December 23, 2021**.

     **d.**  **Dispositive Motion Deadline.** On or before **March 11, 2022**,  Defendants may, without further leave of the Court, file dispositive motions on the following issues: (a) whether Samson Investment Company ("SIC") is a "financial participant" for purposes of Sections 101(22A) and 546(e) of the Bankruptcy Code such that judgment should enter in Defendants' favor with respect to any transfers by SIC; (b) whether judgment should enter in favor of any Defendants other than the Charles and Lynn Schusterman Family Foundation (the "Foundation") and Samson Energy Company, LLC  ("SEC") on the basis that (i) such Defendant was released by the releases contained in the confirmed plan of reorganization in this case or (ii) such Defendant was not a net recipient of any transfers of property from SEC or the Foundation following the December 2011 sale transaction.  If Plaintiff intends to file a motion for summary judgment, he must seek prior leave from the Court.  If granted leave, any motion by Plaintiff for summary judgment must be filed on or before **March 11, 2021**.  All of the Parties' rights to oppose any such dispositive motions on any grounds are fully preserved.  No dispositive motions shall be filed by any Party in advance of trial other than those specified in this paragraph; provided, that, all Parties' rights are reserved with respect to any other rights or defenses that might otherwise have been asserted by pretrial dispositive motion.  The opposition to any motion filed pursuant to this paragraph shall be due on the first business day that is 28-days after the motion is filed and replies shall be due on the first business day that is 14-days after the date the opposition is filed.

     **e.**  **Mediation.**  The Parties have agreed to promptly submit the case to non-binding mediation before a mediator jointly selected by the Parties, which mediation will be scheduled to take place prior to the close of the expert discovery period.

     **f.**  **Pre-Trial Conference.**  The Court will hold a final pretrial conference on **May 10, 2022 at 10:00 a.m. ET**.

      **g.**  <u>**Trial.**</u>  The trial of this matter will commence on **September 12, 2022**.  All Parties' rights are reserved regarding the issue of whether the trial of this matter will take place in this Court.

      3.  <u>**Modification for Cause**</u>.  The Parties may, on written agreement, modify any of the provisions in paragraphs 2(a), (b), (c), (d) and (e).  Absent such agreement, a modification of paragraphs 2(b)(xii) and 2(c)(vi) may be granted only on the grounds stated therein, and the Court may modify any other provision hereof only for good cause shown.

Dated: December 27th, 2021
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE