IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SAMSON RESOURCES CORPORATION, *et al.*, <br><br> Debtor. | Chapter 11 <br><br> Case No. 15-11934 (BLS) <br> (Jointly Administered) |
| PETER KRAVITZ, as Settlement Trustee of and on behalf of the SAMSON SETTLEMENT TRUST, <br><br> Plaintiff, <br><br> v. <br><br> SAMSON ENERGY COMPANY, LLC, *et al.*, <br><br> Defendants. | Adv. Pro. No. 17-51524 (BLS) |

### STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT AS TO CERTAIN DEFENDANTS

Pursuant to Local Rule 7007-2(b)(i)(E), SFT (Delaware) Management, LLC ("SFTDM"), ST 2008 (Delaware) Management, LLC ("ST 2008"), Samson Exploration, LLC ("Samson Exploration"), Samson Offshore, LLC ("Samson Offshore"), Stacy Family Trust ("SFT"), Stacy Schusterman, Lynn Schusterman, C. Philip Tholen, and Wilmington Savings Fund Society, FSB ("Wilmington Savings") (collectively, the "Moving Defendants") submit this Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment, filed contemporaneously herewith.

**UNDISPUTED MATERIAL FACTS**

1. Prior to the 2011 Acquisition (defined below), the shares of debtor Samson Investment Company ("SIC") were held by SFTDM, ST 2008 and the Charles and Lynn Schusterman Family Foundation (the Foundation," and together with SFTDM and ST 2008, the "Selling Shareholders."). *Declaration of Drew Phillips in Support of Motion for Summary Judgment as to Certain Defendants* ("2022 Phillips Decl.") ¶ 6.

2. At the time of the 2011 Acquisition, SFTDM was wholly owned by its sole member, Stacy Family Delaware Trust. *Id.* ¶ 7.

3. Stacy Schusterman, Lynn Schusterman, and Wilmington Savings served as the co-trustees of Stacy Family Delaware Trust. *Id.*

4. At the time of the 2011 Acquisition, ST 2008 was wholly owned by its sole member, Schusterman 2008 Delaware Trust. *Id.* ¶ 8.

5. Stacy Schusterman, C. Philip Tholen, and Wilmington Savings served as the co-trustees of Schusterman 2008 Delaware Trust. *Id.*

6. SFT is a former shareholder of SIC (from 2006-2010). *Id.* ¶ 9.

7. At the time of the 2011 Acquisition, Stacy Schusterman and Lynn Schusterman served as the co-trustees of SFT. *Id.*

8. Wilmington Savings has never served as a co-trustee of SFT. *Id.*

9. Pursuant to a November 22, 2011 Stock Purchase Agreement ("SPA"),[1] the Selling Shareholders sold a portion of their shares of SIC to Debtor Samson Resources Corporation ("SRC") (the "2011 Acquisition"). Compl. ¶¶ 39, 46; 2022 Phillips Decl. ¶ 10.

---

[1] A true copy of the SPA (with select sections of the Disclosure Schedule to the SPA) is attached as Exhibit A to the 2022 Phillips Declaration.

10. The remaining shares were redeemed by SIC. Compl. ¶¶ 48, 110; 2022 Phillips Decl. ¶ 10.

11. In exchange for the sale and redemption, each Selling Shareholder received cash (the "Cash Transfers"). Compl. ¶ 110; 2022 Phillips Decl. ¶ 11.

12. The Foundation, and the Foundation alone, also received preferred shares of SRC valued at $180 million as part of its consideration for the sale (the "Preferred Interests"). 2022 Phillips Decl. ¶¶ 12, 13.

13. Neither of the other two selling shareholders, SFTDM and ST 2008, nor any other defendant received, or has ever held, any of the Preferred Interests. *Id.* ¶¶ 13, 14; Bankr. Dkt. No. 245, 2090.

14. The entirety of the Preferred Interests received by the Foundation were held by the Foundation until they were cancelled. 2022 Phillips Decl. ¶ 14.

15. The Parties to the SPA agreed that certain assets and liabilities of SIC's Offshore and Gulf Coast Divisions (together with other miscellaneous corporate assets, the "GC/OS Assets"), would be excluded from the 2011 Acquisition and instead transferred to Samson Energy. *Id.* ¶ 19. The GC/OS Assets were aggregated within Samson Offshore and Samson Exploration,[2] and then, as outlined below in paragraphs 17 through 22, the membership interests in these entities (held by Debtors Samson Resources *Company* ("Resources")[3] and Samson Holdings, Inc. ("SHI")), were transferred to Samson Energy (the "GC/OS Transfers"). Compl. ¶ 62; 2022 Phillips Decl., Ex. A at 41-48.

---

[2] Some of the GC/OS Assets were transferred to Samson Concorde Gas Intrastate, LLC. ("Concorde"). Concorde was later merged into Samson Exploration in or around September 2013. Concorde is not a named defendant. The miscellaneous corporate assets were transferred directly to Samson Energy or its other subsidiaries.

[3] Not to be confused with SRC - Samson Resources *Corporation*.

3

16. Prior to the 2011 Acquisition, SIC was the parent company of a number of entities, including co-debtors Samson Holdings, Inc. ("SHI") and Samson Resources Company ("Resources"). 2022 Phillips Decl. ¶ 16 & Ex. C.

17. Prior to the 2011 Acquisition, Debtor SHI owned 99% of the equity in Samson Lone Star, LLC ("Lone Star"), while Resources held the remaining 1% interest. Id. ¶ 18, Ex. C, Ex. E at 18.

18. In 2011, SHI and Resources contributed their equity interests in Lone Star to Samson LS, LLC ("Samson LS"). Id. ¶ 20(c).

19. Samson LS then assigned its entire membership interest in Lone Star to Samson Energy. Id. & Ex. G.

20. Lone Star was later renamed Samson Exploration, LLC. Id. ¶ 20(d).

21. Prior to the 2011 Acquisition, Samson Offshore Company ("Samson OC") was wholly owned and controlled by Resources. Id. ¶ 18 & Ex. E at 18.

22. In connection with the 2011 Acquisition, Samson OC was converted to a limited liability company, Samson Offshore, LLC, after which Resources then assigned its entire ownership interest in Samson Offshore to Samson Energy. Id. ¶ 20(a)-(b), Ex. A at 41, Ex. F.

23. Samson Energy was formed just prior to the closing of the 2011 Acquisition to hold the GC/OS Assets. Id. ¶ 21, Ex. A at 11, Ex. C.

24. Samson Energy was the only transferee of the GC/OS Transfers upon the closing of the 2011 Acquisition. Id. ¶ 21.

25. At Samson Energy's formation in 2011, SFTDM was the sole member of Samson Energy and owned all the equity in Samson Energy after making an initial capital contribution of $800 million in cash. Id. ¶ 23.

26. In 2012, ST 2008 was admitted as a member of Samson Energy in exchange for an initial capital contribution of $487,666.00. *Id*.

27. In late 2015, SFT was admitted as a third member of Samson Energy, with a 35% membership interest, after making an initial capital contribution of $152,787,600. *Id.* ¶ 24.

28. In or around January 2016, SFT assigned its membership interests to its subsidiary TFS Services, LLC ("TFS"). *Id.*

29. Today, the three LLCs – SFTDM, ST 2008, and TFS – hold all of the membership interests in Samson Energy. *Id.* ¶ 25.

30. Since its formation, Samson Energy has received equity contributions from its members in the amount of approximately $1.25 billion. *Id.* ¶ 26.

31. Prior to October 2016, the members in Samson Energy received no return on their investment. *Id.* ¶ 27.

32. Since October 2016, Samson Energy has returned capital to its members – SFTDM, ST 2007 and TFS – in the aggregate amount of approximately $573 million. *Id.*

33. Since its formation, Samson Energy has also received funds from insiders in the form of loans, which it has repaid. *Id.* ¶ 26.

34. SFT loaned approximately $22.2 million to Samson Energy in or around December 2015, prior to transferring its interests to TFS. Samson Energy repaid the loan from SFT in or around March 2017. SFT has not otherwise transferred property to or received any property from Samson Energy. *Id.* ¶ 24.

35. Since 2011, Samson Energy has sold almost all of the GC/OS Assets to third parties in the ordinary course of business (none of whom is a defendant in this action). *Id.* ¶ 26.

36. The proceeds of the asset sales described in paragraph 35 herein were used to acquire additional assets in the ordinary course, repay loans, and also, beginning in 2016, to make a partial return to members of the new cash equity they had contributed to Samson Energy. *Id.* ¶¶ 26-27. Except for the partial returns of capital, loan repayments, and the sale of assets to third parties, neither Samson Energy nor its subsidiaries have made dividends or equity distributions, or transferred any of the GC/OS Assets or proceeds thereof, to any other person or entity. *Id.* ¶ 28.

37. The Selling Shareholders (SFTDM, ST 2008, and Foundation) were the only initial transferees of the Cash Transfers. *Id.* ¶ 11.

38. As a private non-operating charitable organization, the Foundation has made distributions only to further its charitable purposes. Since 2011, the Foundation has distributed approximately $1.5 billion towards such charitable purposes. *Id.* ¶ 29.

39. The Foundation has made no transfers to any of the defendants. *Id.*

40. ST 2008 used the proceeds of the Cash Transfers to fund its investments in commercial real estate, stock/bonds and private equity, make charitable donations, and, as a member of Samson Energy, to make equity contributions and loans to Samson Energy. *Id.* ¶ 30.

41. ST 2008 also made distributions to its sole member, Schusterman 2008 Delaware Trust for tax purposes only. *Id.*

42. Since 2011, no distributions have been made to Schusterman 2008 Delaware Trust for the purpose of funding any distributions to any of its beneficiaries. *Id.*

43. ST 2008 has not otherwise made any transfers to any of the defendants since the 2011 Acquisition. *Id.*

44. SFTDM used the proceeds of the Cash Transfers in part to fund equity contributions and make loans to Samson Energy. *Id.* ¶ 31.

45. SFTDM also made distributions to its sole member, Stacy Family Delaware Trust, for tax purposes, and to pay legal fees. *Id.*

46. SFTDM has not made any distributions to Stacy Family Delaware Trust for the purpose of distribution to its beneficiaries since 2011. *Id.*

47. SFTDM has not otherwise made any transfers to any of the defendants since the 2011 Acquisition. *Id.*

[*Remainder of page intentionally left blank*]

March 11, 2022                                             Respectfully submitted,

                                                                                        /s/ *Michael R. Nestor*

David M. Stern (admitted *pro hac vice*)           Michael R. Nestor (No. 3526)
Robert J. Pfister (admitted *pro hac vice*)         Michael S. Neiburg (No. 5275)
Samuel M. Kidder (admitted *pro hac vice*)      **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
**KTBS LAW LLP, F/K/A KLEE, TUCHIN,**              Rodney Square, 1000 North King Street
**BOGDANOFF & STERN LLP**                              Wilmington, DE  19801
1801 Century Park East, 26th Floor                  (302) 571-6699
Los Angeles, California 90067                          mnestor@ycst.com
(310) 407-4000

                                                                                        Sabin Willett (admitted *pro hac vice*)
                                                                                        Andrew J. Gallo (admitted *pro hac vice*)
                                                                                        **MORGAN, LEWIS & BOCKIUS LLP**
                                                                                        One Federal Street
                                                                                        Boston, MA  02110
                                                                                        (617) 341-7700

*Counsel for the Moving Defendants*