IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SAMSON RESOURCES CORPORATION, *et al.*, | Case No. 15-11934 (BLS) (Jointly Administered) |
| Debtor. | |
| PETER KRAVITZ, as Settlement Trustee of and on behalf of the SAMSON SETTLEMENT TRUST, | |
| Plaintiff, | Adv. Pro. No. 17-51524 (BLS) |
| v. | |
| SAMSON ENERGY COMPANY, LLC, *et al.* | |
| Defendants | |

## SUPPLEMENTAL DECLARATION OF DREW PHILLIPS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO CERTAIN DEFENDANTS

Pursuant to 28 U.S.C. § 1746, I, Drew Phillips, hereby declare:

1.     On March 11, 2022, I executed a declaration in support of the Renewed Motion for Summary Judgment as to Certain Defendants [Docket No. 352]. I submit this supplemental declaration to address certain points raised in the Samson Settlement Trustee's Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment as to Certain Defendants ("Opposition") [Docket No. 355], and the Declaration of Lijun Zhang in Support of Oppositions to Motions for Partial Summary Judgment and Summary Judgment as to Certain Defendants ("Zhang Declaration") [Docket No. 356]. I make this declaration based on personal knowledge.

2.     Attached hereto as **Exhibit 1** is a true and correct copy of the Trust Agreement Establishing Schusterman 2008 Delaware Trust, dated as of August 1, 2011.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of the Trust Agreement Establishing Stacy Family Delaware Trust, dated as of June 9, 2009.

4.      The Opposition and the Zhang Declaration cite selectively from my depositions and omit material testimony. At pages 41-46 of my November 13, 2020 deposition testimony cited at Zhang Declaration Exhibit M, I was asked about a reference to "SFT" in an email I wrote in 2011 addressing a 2008 tax matter, marked as Deposition Exhibit 349. In that exhibit, "SFT" referred to Stacy Family Trust, which was, in 2008, a shareholder of SIC. That same day, I was asked about a 2011 document that was marked as Deposition Exhibit 368, which is identical to the second page of Zhang Declaration Exhibit AA, but I was not asked what entity "Stacy Family Trust" referred to. *See* Zhang Declaration Exhibit M at 280-83. By that term, in that document, I referred to Stacy Family Delaware Trust.

5.      On February 19, 2021, I was deposed again by the Plaintiff. I testified: "[T]o answer your question, at one point in time, the Stacy Family Trust did own shares of Samson Investment Company. And then . . . later, the Stacy Family Trust was divided and . . . the shares of Samson Investment Company were transferred into -- ultimately into SFTDM." This testimony is omitted from the Zhang Declaration. *See* Phillips 30(b)(6) Tr. 43:23-44:12. Copies of the deposition transcript pages and exhibits cited in paragraphs 4-5 are attached as **Exhibit 3** to this declaration.

6.      I was never asked in deposition about ST 2008's 2013 and 2014 payments to Stacy Family Trust. Both were in payment of loan obligations that ST 2008 owed to Stacy Family Trust unrelated to the December 21, 2011 sale:

        a.  ST 2008 executed a promissory note dated as of December 31, 2012, in favor of Stacy Family Trust in the amount of approximately $191 million, a true and correct

2

copy of which is attached hereto as **Exhibit 4** (the "2012 Note"). The 2012 Note was issued in exchange for certain real estate properties that ST 2008 purchased from Stacy Family Trust.

b. ST 2008 executed a promissory note dated as of August 2, 2013, in favor of Stacy Family Trust, in the amount of no more than $50 million which was increased to no more than $100 million effective July 11, 2014 (the "2013 Note"). A true and correct copy of the 2013 Note and its amendment are attached hereto as **Exhibit 5**. The 2013 Note was issued to evidence repayment obligations for funds that ST 2008 borrowed from Stacy Family Trust for liquidity purposes. Stacy Family Trust loaned a total of $91.9 million to ST 2008 between August 2013 and July 2017 pursuant to the 2013 Note.

c. The $26 million payment by ST 2008 to Stacy Family Trust on or about June 24, 2013, identified in Exhibit CC to the Zhang Declaration, was a payment towards the 2012 Note.

d. The $45 million payment by ST 2008 to Stacy Family Trust on or about April 4, 2014, identified in Exhibit DD to the Zhang Declaration, was comprised of a $28,099,092 payment towards the 2012 Note, and a $16,900,908 payment towards the 2013 Note.

I declare under penalty of perjury this 29th day of April, 2022, that the foregoing is true and correct.

Drew Phillips.

# **<u>EXHIBIT 1</u>**

REDACTED

# **<u>EXHIBIT 2</u>**

REDACTED

# **<u>EXHIBIT 3</u>**

REDACTED

# **<u>EXHIBIT 4</u>**

PROMISSORY NOTE

$191,480,224                                                        December 31, 2012
                                                                   Tulsa, Oklahoma


FOR VALUE RECEIVED the undersigned ST 2008 (Delaware) Management, LLC ("ST 2008") promises to pay to the order of Stacy Family Trust ("Trust") on or before December 31, 2015 (the "Maturity Date"), One Hundred Ninety One Million Four Hundred Eighty Thousand Two Hundred Twenty Four and No/100 Dollars ($191,480,224) (for purposes of this Note, such sum shall be referred to as the "Principal Sum") plus all unpaid interest thereon.

The Principal Sum from time to time outstanding shall bear interest at a per annum rate equal to the monthly short-term applicable federal rate, compounded quarterly, based on a three hundred sixty five day year, provided, however, that in no event shall the Principal Sum bear interest at a rate that is less than the "Minimum Federal Rate" as announced from time to time by the Internal Revenue Service. Interest shall be due and payable, in arrears, quarterly on the last day of March, June, September and December in each year, commencing March 2013 and continuing until the Maturity Date.

All payments of principal and interest due hereunder shall be due and payable at 12:00 noon, Central Time, on the day when due. Such payments shall be made in same day funds and shall be made to Trust at its office at 110 West 7th St., Suite 2000, Tulsa, Oklahoma, 74119 in U.S. dollars in immediately available funds.

The undersigned may prepay the principal of this Note in whole or in part at any time without premium or penalty. Each prepayment shall be accompanied by the interest accrued on the principal amount so prepaid through the date of prepayment.

ST 2008 hereby expressly waives protest, notice of protest, presentment, demand and diligence in collection and agrees that this Note may be renewed or extended from time to time and for any term or terms by agreement between ST 2008 and Trust.

If all or any portion of the indebtedness hereby evidenced is not paid when due, or in the event of a default in performance of any agreement herein contained or otherwise made to the holder hereof, or in the event of the dissolution, insolvency, bankruptcy, receivership, or business failure of any maker, endorser or guarantor hereof, the holder of this Note may, without notice or demand, declare this indebtedness and any other obligations of the undersigned owing to the holder to be immediately due and payable, and, subject to the provisions of agreements evidencing the Senior Indebtedness, the holder may immediately exercise the right of setoff and enforce any lien or security interest securing payment hereof.

This Note shall be governed by and construed in accordance with the laws of the State of Oklahoma, without giving effect to conflict of laws.

ST 2008 (Delaware) Management, LLC

By: _____

Drew S. Phillips
Manager

# **<u>EXHIBIT 5</u>**

REVOLVING PROMISSORY NOTE

$50,000,000

August 2, 2013

FOR VALUE RECEIVED the undersigned ST 2008 (Delaware) Management LLC, a Delaware Limited Liability Company, promises to pay to the order of Stacy Family Trust and its successors in interest, on or before August 2, 2016 (the "Maturity Date"), the lesser of (i) the aggregate unpaid principal amount of all revolving credit loans made by Stacy Family Trust to ST 2008 (Delaware) Management LLC or (ii) Fifty Million and No/100 Dollars ($50,000,000.00) (for purposes of this Note, such sum referred to in either (i) or (ii) shall be collectively referred to as the "Principal Sum") plus all unpaid interest thereon.

The Principal Sum from time to time outstanding shall bear interest at the monthly short-term applicable federal rate in effect, and compounded quarterly. Interest shall be due and payable, in arrears, quarterly on the last day of March, June, September and December in each year, commencing with the March, June, September, and December next succeeding the date hereof and continuing until the Maturity Date.

All payments of principal and interest due hereunder shall be due and payable at 12:00 noon, Central Time, on the day when due. Such payments shall be made to Stacy Family Trust at its accounting office in Tulsa, OK in U.S. dollars in immediately available funds.

The undersigned may prepay the principal of this Note in whole or in part at any time without premium or penalty.

Stacy Family Trust shall have the right to demand prepayment of all or a portion of the principal due hereunder. In such an event, Stacy Family Trust will provide ST 2008 (Delaware) Management, LLC with notice of the prepayment demand at least five (5) business days prior to the prepayment date.

ST 2008 (Delaware) Management, LLC hereby expressly waives protest, notice of protest, presentment, demand and diligence in collection and agrees that this Note may be renewed or extended from time to time and for any term or terms by agreement between Stacy Family Trust and ST 2008 (Delaware) Management, LLC.

If all or any portion of the indebtedness hereby evidenced is not paid when due, or in the event of a default in performance of any agreement herein contained, or in the event of the dissolution, insolvency, bankruptcy, receivership, or business failure of any maker, endorser or guarantor hereof, the holder of this Note may, without notice or demand, declare this indebtedness owing to the holder to be immediately due and payable, and, the holder may immediately exercise the right of setoff and enforce the security interest securing payment hereof.

This Note shall be governed by and construed in accordance with the laws of the State of Oklahoma, without giving effect to conflict of laws.

ST 2008 (DELAWARE) MANAGEMENT, LLC

By:_____
Drew Phillips, Manager

STACY FAMILY TRUST

By:_____
Stacy Schusterman, Trustee

## AMENDMENT NO. 1 TO PROMISSORY NOTE
## DATED AUGUST 2, 2013

THIS AMENDMENT NO. 1 TO PROMISSORY NOTE DATED AUGUST 2, 2013 (this "Amendment") is made and entered into as of July 11, 2014, between ST 2008 (DELAWARE) MANAGEMENT, LLC, a Delaware Limited Liability Company ("ST 2008"), and STACY FAMILY TRUST, an Oklahoma trust ("SFT"), herein after referred to as the "Parties" to the amendment:

WHEREAS, ST 2008 executed that certain revolving promissory note dated August 2, 2013 in favor of SFT in the original principal sum not to exceed $50,000,000.00 (the "Note"); and

WHEREAS, the interest rate stated in the Note was the monthly short-term applicable federal rate in effect, and compounded quarterly; and

WHEREAS, the Parties wish to amend the Note to increase the allowable borrowing base under the Note by an additional $50,000,000, effective July 11, 2014.

NOW, THEREFORE, in consideration of the benefits to accrue to SFT herefrom and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, ST 2008 and SFT hereby agree to amend the Note as herein stated above.

Except as specifically amended hereby, the Note shall continue in full force and effect according to its original terms, and all security for the repayment of this Note shall continue in full force and effect, uninterrupted and unabated.

IN WITNESS WHEREOF, the undersigned parties have executed this Amendment No. 1 to the Note effective for all purposes as of July 11, 2014.

**ST 2008 (DELAWARE) MANAGEMENT, LLC**

By: _____
Drew Phillips, Manager
"Borrower"


**STACY FAMILY TRUST**

By: _____
Jeremy Rabinowitz, Attorney-in-Fact
"Lender"