IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>SAMSON RESOURCES CORPORATION,<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 15-11934 (BLS) |
| PETER KRAVITZ, as Settlement Trustee of and on behalf of the SAMSON SETTLEMENT TRUST;<br><br>Plaintiff,<br>v.<br><br>SAMSON ENERGY COMPANY, LLC, *et al.*,<br><br>Defendants. | Adv. Pro. No. 17-51524 (BLS) |

**PRETRIAL ORDER**

An initial pretrial conference is scheduled in the above-captioned case for May 10, 2022. Pursuant to the Seventeenth Amended Case Management Plan and Scheduling Order [Adv. Pro. D.I. 362] (the "Scheduling Order"), Peter Kravitz, as Settlement Trustee of and on behalf of the Samson Settlement Trust (the "Trustee"),[1] hereby files this Initial Pretrial Order, which includes only the contents set forth hereinafter notwithstanding the provisions of Local Rule 7016-2(d). Pursuant to Paragraph 2(g)(iii) of the Scheduling Order, the parties have conferred on an appropriate timetable for the filing of all other contents required by Local Rule 7016-2(d) and have

---

[1] Peter Kravitz is the Settlement Trustee of and acts on behalf of the Samson Settlement Trust (the "**Settlement Trust**") established pursuant to the *Global Settlement Joint Chapter 11 Plan of Reorganization of Samson Resources Corporation and Its Debtor Affiliates (with Technical Modifications)* [Bankr. D.I. 2009].

agreed to the dates set forth on **Exhibit A** hereto.  The final pretrial conference has not yet been scheduled.

I.    **Statement of the Nature of the Action**

This is a fraudulent conveyance action, brought pursuant to 11 U.S.C. §§ 544 and 550, and applicable state laws, including the Uniform Fraudulent Transfer Act as enacted in Delaware, Nevada, and/or Oklahoma, arising out of the acquisition of Samson Investment Company ("SIC" or "Samson") by a consortium of equity sponsors led by Kohlberg Kravis Roberts & Co. ("KKR"; collectively, "Sponsors") on December 21, 2011 (the "Closing Date").  At some point following the acquisition, Samson began to experience financial difficulties, and it eventually filed for bankruptcy on September 16, 2015 (the "Petition Date").  Under Samson's confirmed plan of reorganization in the above-captioned chapter 11 cases (the "Plan"), Samson's unsecured creditors—collectively holding a total of $2.5 billion in unsecured debt—received a cash distribution in an amount less than the amount of their unsecured claims and interests in the Settlement Trust.  The confirmed plan transferred to the Trustee the right to bring this fraudulent conveyance action on behalf of the unsecured creditors.  Accordingly, by this action, the Trustee seeks to avoid and recover certain cash and asset transfers (listed below) made to Defendants in connection with the acquisition (the "Challenged Transfers"), which the Trustee alleges constitute constructive fraudulent transfers.  Defendants allege that the transfers do not constitute constructive fraudulent transfers.

Relevant pleadings are set forth in the Complaint [Adv. Pro. D.I. 1] and Samson Defendants' Answer and Specific Defenses [Adv. Pro. D.I. 80].  Defendants do not assert any counterclaims or crossclaims.

Defendants have filed seven dispositive motions in this case.[2] As a result of the first five motions: (i) Counts II and IV and the correlative portions of Count V (relating to intentional fraudulent transfer) were dismissed;[3] (ii) claims against Defendants Jerome "Jay" Schusterman, Mary Lee (named as Mary Lee Schusterman in the Complaint), Haley Schusterman, Dale Schusterman, Judy Poznik (spelled Poznick in the Complaint), Shane Froebel, Tamara Salkin (formerly Froebel), Deborah Morrison, Renee Morrison, Carol Wilson, and Steven Dow were dismissed without prejudice by stipulation of the parties;[4] and (iii) all claims against Defendants Stacy Family Delaware Trust and Schusterman 2008 Delaware Trust were dismissed.[5] Counts I, III, and the correlative parts of Count V (relating to constructive fraudulent transfer) remain pending against the remaining Defendants. On March 11, 2022, Defendants filed their sixth and

---

[2] They are (1) Samson Defendants' Motion to Dismiss, filed on January 12, 2018 [Adv. Pro. D.I. 20]; (2) Family Relatives Motion to Dismiss and Memorandum in Support of Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), as Incorporated into This Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7012(b), filed on January 12, 2018 [Adv. Pro. D.I. 23]; (3) Motion of Defendants Stacy Family Trust, SFT (Delaware) Management, LLC, ST 2008 (Delaware) Management, LLC, Schusterman 2008 Delaware Trust, Stacy Family Delaware Trust, Samson Exploration, LLC, Samson Offshore, LLC, and Samson Energy Company, LLC for Summary Judgment Based on Plan Release, filed on May 23, 2018 [Adv. Pro. D.I. 45]; (4) Motion of Defendant Stacy Schusterman for Summary Judgment as to Counts III, IV and Correlative Portions of Count V of the Complaint, filed on May 23, 2018 [Adv. Pro. D.I. 48]; (5) Samson Defendants' Motion for Summary Judgment under Bankruptcy Code Section 546(e), filed on March 9, 2020 [Adv. Pro. D.I. 193]; (6) Samson Defendants' Motion for Partial Summary Judgment under Bankruptcy Code Section 546(e), filed on March 11, 2022 [Adv. Pro. D.I. 346]; and (7) Motion of Defendants SFT (Delaware) Management, LLC, ST 2008 (Delaware) Management, LLC, Samson Exploration, LLC, Samson Offshore, LLC, Stacy Family Trust, Stacy Schusterman, Lynn Schusterman, C. Philip Tholen, and Wilmington Savings Fund Society, FSB, for Summary Judgment, filed on March 11, 2022 [Adv. Pro. D.I. 350].

[3] Order, issued on June 15, 2018 [Adv. Pro. D.I. 61].

[4] Order Approving Stipulation of Partial Dismissal without Prejudice, filed on May 10, 2018 [Adv. Pro. D.I. 42]; *see also* Notice of Dismissal, filed on August 24, 2018 [Adv. Pro. D.I. 81]; Notice of Dismissal, filed on October 17, 2018 [Adv. Pro. D.I. 112].

[5] Order Granting in Part and Denying in Part Moving Defendants' Motion for Summary Judgment, issued on September 13, 2018 [Adv. Pro. D.I. 86].

seventh dispositive motions [Adv. Pro. D.I. 346, 350]. The briefing for these two motions for partial summary judgment are now complete. The Court is scheduled to hear the parties' oral argument on May 19, 2022.

## II. Basis of Federal Jurisdiction

The jurisdiction of the Court is not in dispute. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper under 28 U.S.C. § 1409. This action is a core proceeding within the meaning of 28 U.S.C. § 157(b). The parties have consented to this Court rendering final orders and judgments in this proceeding.

## III. Basis of Bankruptcy Court's Adjudicatory Authority

Not included at this time pursuant to the Scheduling Order.

## IV. Statement of Stipulated Facts

Not included at this time pursuant to the Scheduling Order.

## V. Statement of Issues of Fact to be Litigated

Not included at this time pursuant to the Scheduling Order.

## VI. Statement of Issue of Law to be Litigated

Not included at this time pursuant to the Scheduling Order.

## VII. List of Exhibits

Not included at this time pursuant to the Scheduling Order.

## VIII. List of Witnesses

Not included at this time pursuant to the Scheduling Order.

IX.    **Brief Statement of What the Trustee Intends to Prove in Support of His Claims**

As set forth in more detail in the Complaint, the Trustee intends to present evidence proving the following:

1. At the time of the Challenged Transfers, the Debtors who made such transfers had at least one creditor with an allowable unsecured claim who also had an unsatisfied claim as of the Petition Date. In addition, the Debtors who made such transfers also had at least one creditor with an allowable unsecured claim as of the Petition Date.

2. The Challenged Transfers were made in exchange for less than fair consideration and less than reasonably equivalent value.

3. The Debtors who made the Challenged Transfers were insolvent at the time of, or became insolvent as a result of, the Challenged Transfers.

4. At the time of the LBO, Debtors who made the Challenged Transfers were engaged or were about to engage in a business or transaction for which the remaining assets were unreasonably small in relation to their business.

5. At the time of the LBO, Debtors who made the Challenged Transfers believed or reasonably should have believed that they would incur debts beyond their ability to pay such debts as they became due.

6. Therefore, the Challenged Transfers are avoidable under applicable state laws, and the Trustee is entitled to avoid and recover the Challenged Transfers under sections 544 and 550 of the Bankruptcy Code.

In particular, the Trustee seeks to recover damages from Defendants in an amount equal to the dollar value of each of the following Challenged Transfers as of the date of the transfers,

together with interest on that amount from the date of the transfers, attorneys' fees, and costs of suit and collection allowable by law:

| No. | Transferee | Amount | Transferor and the Stated Purpose of the Initial Transfer |
|---|---|---|---|
| 1 | ST 2008 (Delaware) Management, LLC ("ST 2008") | $750,014,761 | From Samson Investment, for stock redemption |
| 2 | SFT (Delaware) Management, LLC ("SFTDM") | $1,044,062,838 | From Samson Investment, for stock redemption |
| 3 | Charles and Lynn Schusterman Family Foundation (the "Foundation") | $955,922,401 | From Samson Investment, for stock redemption |
| 4 | ST 2008 | $981,038,692 | From Samson Resources Corporation, for stock purchase |
| 5 | SFTDM | $1,440,306,523.50 | From Samson Resources Corporation, for stock purchase |
| 6 | Foundation | $1,145,016,554.50 | From Samson Resources Corporation, for stock purchase |
| 7 | Samson Energy Company | Membership Interests in Samson Exploration and Samson Offshore | From various Debtors, in exchange for transfer/cancellation of certain subordinated notes with a collective outstanding principal amount of approximately $553 million |

The foregoing statement of what the Trustee intends to prove is without prejudice to, and shall not constitute a waiver of, any of Defendants' arguments or rights.

X.    **Statement of What Defendants Intend to Prove as Defenses**

In addition to presenting facts disputing the Plaintiff's case (including, without limitation, fair consideration, reasonably equivalent value, solvency, adequate capitalization, defendants are not initial or subsequent transferees of any of the Challenged Transfers, etc.), and without waiver of defenses available as a matter of law, Defendants intend to present evidence proving the following:

1. Because the Stock Purchase Agreement was assumed in the Plan, all of Plaintiff's claims are barred.

2. Because some or all of the property, the transfer of which the Complaint seek to avoid, would not have been available to creditors in the absence of the transactions undertaken pursuant to the Stock Purchase Agreement, Plaintiff cannot avoid transfers of such otherwise unavailable property.

3. Because some or all of the property transferred to the Defendants was either not made by a Debtor nor from any interest in property of a Debtor, Plaintiff cannot avoid transfers of such property.

4. To the extent not resolved in the dispositive motions, *supra*, Samson Investment Company is a financial participant and thus any and all Challenged Transfers made by it are safe-harbored pursuant to Bankruptcy Code section 546(e). In addition, all of the other alleged transferors are financial participants by virtue of their guarantees of Samson Investment's swap agreements.

5. To the extent one or more transfers qualify either as settlement payments or transfers made in connection with a securities contract made by or to or for the benefit of a financial institution or financial participant, Plaintiff cannot avoid such transfers.

6. The Plaintiff's remedies and recoveries, if any, are barred or precluded, in whole or in part, or must be reduced or impressed with a lien in favor of the Samson Defendants by reason of section 8(d) of the Uniform Fraudulent Transfer Act, as enacted in any state whose law is applicable herein, section 9(2) of Uniform Fraudulent Conveyance Act, as enacted in any state whose law is applicable herein, section 8(d) of the Uniform Voidable Transactions Act, as enacted in any state whose law is applicable herein, and/or any similar or analogous applicable federal,

state or local law.

7. Recovery, if any, on some or all of the claims in the Complaint should be barred, reduced, impressed with a lien or otherwise adjusted in the interests of equity.

8. The Plaintiff's remedies and recoveries, if any, are barred or precluded, in whole or in part, or must be impressed with a lien or adjusted by reason of section 550(e) of the Bankruptcy Code, section 8(c) of the Uniform Fraudulent Transfer Act, as enacted in any state whose law is applicable herein, section 8(c) of the Uniform Voidable Transactions Act, as enacted in any state whose law is applicable herein, and/or any similar or analogous applicable federal, state or local law.

9. To the extent not resolved in the dispositive motions, *supra*, the claims in the Complaint against all of the Defendants other than the Charles and Lynn Schusterman Family Foundation and Stacy Schusterman (in her individual capacity) were released pursuant to the Plan.

10. Plaintiff's claims are barred or limited by the doctrines of unjust enrichment, waiver, estoppel and laches.

11. Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

12. Plaintiffs' claims are barred in whole or part, to the extent the alleged transfers were not made to or for the benefit of the Defendants.

The foregoing statement of what Defendants intend to prove is without prejudice to, and shall not constitute a waiver of, any of Plaintiff's arguments or rights.

## XI. Statement by Counterclaimants/Crossclaimants

Not applicable.

## XII. Amendments of the Pleadings

Not included at this time pursuant to the Scheduling Order.

### XIII. Certification of Parties' Good Faith Effort for Settlement

On February 17, 2022, the parties held a non-binding mediation pursuant to the February 7, 2022 Order Regarding Mediation and Appointing Mediator [Adv. Pro. D.I. 343], and the February 8, 2022 Order Assigning Adversary Proceeding to Mediation and Appointing Mediator [Adv. Pro. D.I. 344]. The initial mediation session did not result in a resolution, but the Parties have the option of resuming the mediation if they agree to do so.

### XIV. Other Matters

The Court has scheduled a ten-day trial to begin on September 12, 2022. The Parties have agreed to limit the trial to 60 (sixty) total hours of trial time, exclusive of motions and closing arguments, to be divided equally between each side (30-hours per side), with the clock kept by the parties. For purposes of computation, the Parties will each be charged with time their attorneys spend making argument, offering evidence or questioning a witness, whether on direct examination, cross-examination, redirect examination or otherwise. Any trial time used by the Court shall be divided equally between Plaintiff and Defendants.

Pursuant to Local Rule 7016-2(d)(xiv), the parties reserve the right to supplement this order with additional matters that they deem appropriate in the later iterations of the pretrial order.

THIS ORDER SHALL CONTROL THE SUBSEQUENT COURSE OF THE ACTION UNLESS MODIFIED BY THE COURT TO PREVENT MANIFEST INJUSTICE. Such modification may be made either on application of counsel for the parties or by the Court.

| | |
|---|---|
| Dated: May 3, 2022 | Agreed to as to form and substance: |
| | |
| | **FARNAN LLP** |
| | |
| | <u>*/s/ Michael J. Farnan*</u> |
| | Joseph J. Farnan, Jr. (Bar No. 100245) |
| | Joseph J. Farnan, III (Bar No. 3945) |
| | Michael J. Farnan (Bar No. 5165) |
| | 919 North Market St., 12th Floor |
| | Wilmington, DE 19801 |
| | Telephone: (302) 777-0300 |
| | Facsimile: (302) 777-0301 |
| | farnan@farnanlaw.com |
| | jjfarnan@farnanlaw.com |
| | mfarnan@farnanlaw.com |
| | |
| | Thomas E Lauria (*pro hac vice*) |
| | **WHITE & CASE LLP** |
| | Southeast Financial Center, Suite 4900 |
| | 200 South Biscayne Blvd. |
| | Miami, FL 33131 |
| | Telephone:    (305) 371-2700 |
| | Facsimile:    (305) 358-5744 |
| | tlauria@whitecase.com |
| | |
| | J. Christopher Shore (*pro hac vice*) |
| | Colin T. West (*pro hac vice*) |
| | 1221 Avenue of the Americas |
| | New York, NY 10020 |
| | Telephone:    (212) 819-8200 |
| | Facsimile:    (212) 354-8113 |
| | cshore@whitecase.com |
| | cwest@whitecase.com |
| | |
| | *Attorneys for the Settlement Trustee* |

| | |
|---|---|
| Dated: May 3, 2022 | Agreed to as to form and substance: |

/s/ *Michael S. Neiburg*
Michael R. Nestor (No. 3526)
Michael S. Neiburg (No. 5275)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square, 1000 North King Street
Wilmington, Delaware 19801
(302) 571-6699
mnestor@ycst.com
mneiburg@ycst.com

Sabin Willett (admitted *pro hac vice*)
Andrew J. Gallo (admitted *pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, Massachusetts 02110
(617) 341-7700
sabin.willett@morganlewis.com
andrew.gallo@morganlewis.com

David M. Stern (admitted *pro hac vice*)
Robert J. Pfister (admitted *pro hac vice*)
Samuel M. Kidder (admitted *pro hac vice*)
**KTBS LAW LLP, F/K/A KLEE, TUCHIN, BOGDANOFF & STERN LLP**
1801 Century Park East, 26th Floor
Los Angeles, California 90067
(310) 407-4000
dstern@ktbslaw.com
rpfister@ktbslaw.com
skidder@ktbslaw.com

*Attorneys for the Defendants*