IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br> SAMSON RESOURCES CORPORATION, <br> Reorganized Debtor. | Chapter 11 <br><br> Case No. 15-11934 (BLS) |
| PETER KRAVITZ, as Settlement Trustee of and on behalf of the SAMSON SETTLEMENT TRUST; <br><br> Appellant, <br> v. <br><br> SAMSON ENERGY COMPANY, LLC, *et al.*, <br> Appellees. | Adv. Pro. No. 17-51524 (BLS) <br> District Court Case No. 23-cv-799-RGA |

**APPELLANT'S STATEMENT OF THE ISSUES AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

Pursuant to Fed. R. Bankr. P. 8009(a), Appellant Peter Kravitz, as Settlement Trustee of and on behalf of the Samson Settlement Trust ("**Appellant**" or "**Plaintiff-Appellant**"), hereby submits his statement of issues on appeal and designation of the record (together, the "**Designation**") in connection with his appeal, Civil Action No. 23-cv-799-RGA, from the Court's Final Judgment [Adv. Pro. D.I. 482], entering judgment in favor of all remaining defendants ("**Defendants-Appellees**") on all claims asserted by Plaintiff, accompanying Opinion [Adv. Pro. D.I. 479], and all other subsumed judgments, orders, and decrees brought up for review in the appeal.

**I.     Statement of Issues to be Presented on Appeal**

Appellant presents the following statement of issues to be considered on appeal:

1. Whether the United States Bankruptcy Court for the District of Delaware (Shannon, J.) (the "**Bankruptcy Court**") erred in finding for the Defendants-Appellees on the First Cause of Action in Plaintiff-Appellant's Complaint for avoidance and recovery of constructive fraudulent transfers arising from the Defendant-Appellees' December 21, 2011 sale (the "**Transaction**") of Samson Investment Corporation ("**SIC**"), including, without limitation, as a result of the decisions described below in Issues 4-12.

2. Whether the Bankruptcy Court erred in finding for the Defendant-Appellees on the Third Cause of Action in Plaintiff-Appellant's Complaint for avoidance and recovery of constructive fraudulent transfers arising from the December 2011 transfer (the "**Spinoff**") by SIC of certain assets known as the Gulf Coast and Offshore assets (the "**Spinoff Assets**"), including, without limitation, as a result of the decisions described below in Issues 4-12.

3. Whether the Bankruptcy Court erred in finding for the Defendant-Appellees on the Fifth Cause of Action in Plaintiff-Appellant's Complaint for recovery of fraudulent transfers, including, without limitation, as a result of the decisions described below in Issues 4-12.

4. Whether the Bankruptcy Court erred in ruling that the purchasers in the Transaction received reasonably equivalent value for their purchase price, based on the Bankruptcy Court's determination that the fair market value of assets sold in an arm's length transaction is determined solely by the purchase price paid for those assets in that transaction, regardless of any errors made by the purchaser in determining that purchase price, and notwithstanding the Plaintiff-Appellant's contrary evidence of fair market value through traditional valuation methods.

5. Whether the Bankruptcy Court erred in ruling that the Transaction and/or the Spinoff did not render SIC, or its holding company Samson Resources Corporation ("**SRC**"), insolvent on a balance sheet basis, based on the Bankruptcy Court's determination that fair market value of assets sold in an arm's length transaction is determined solely by the purchase price paid for those assets in that transaction, regardless of any errors made by the purchaser in determining that purchase price, and notwithstanding the Plaintiff-Appellant's contrary evidence of fair market value through traditional valuation methods.

6. Whether the Bankruptcy Court erred in ruling that the Transaction and/or the Spinoff did not render SIC or SRC inadequately capitalized, notwithstanding the Plaintiff-Appellant's evidence of material errors in the business plan that overstated cash flows, where the Bankruptcy Court did not independently assess that evidence, but instead determined that the business plan could not be unreasonable because it was developed by, and vetted by, sophisticated market participants with adequate ability to access information and "every incentive to get it right." [Adv. Pro. D.I. 479 at 54].

7. Whether, in the context of a fraudulent conveyance claim brought under Section 544 of the Bankruptcy Code to avoid payments made to shareholders in a private leveraged buyout, a trial court may, in determining issues related to solvency and reasonably equivalent value, rely exclusively on the transaction participants' own contemporaneous, subjective determinations as to such issues, or rather must make independent determinations as to solvency and reasonably equivalent value based on objective record evidence.

8. Whether the Bankruptcy Court erred in ruling that the Transaction and/or the Spinoff did not render SIC or SRC unable to pay their debts as they came due, notwithstanding the Plaintiff-Appellant's evidence of material errors in the business plan that overstated cash flows, where the Bankruptcy Court did not independently assess that evidence, but instead determined that the business plan could not be unreasonable because it was developed by, and vetted by, sophisticated market participants with adequate ability to access information and "every incentive to get it right." *Id.*

9. Whether the Bankruptcy Court erred in determining that SIC received reasonably equivalent value for the Spinoff Assets it transferred or caused to be transferred, where the Bankruptcy Court

    (i) relied on expert opinion in the form of two appraisals of the Spinoff Assets and related deposition testimony, admitted into evidence over Plaintiff-Appellant's objection, where the sponsoring witnesses did not submit expert reports and the evidence did not otherwise satisfy the Federal Rules of Evidence, including Rules 703 and 802 [Adv. Pro. D.I. 450];

    (ii) relied on those appraisals as evidence of the fair market value of the Spinoff Assets despite numerous flaws in those appraisals and despite having previously, and correctly, determined that those appraisals were "the result of a non-market exercise designed solely to arrive at a number that would minimize tax exposure," *id.* at 3;

    (iii) did not credit the Plaintiff-Appellant's expert evidence regarding the fair market value of the Spinoff Assets despite not identifying any errors in the expert's methodology or conclusions;

    (iv) failed to consider Plaintiff-Appellant's evidence that the Spinoff was not an arm's-length transaction;

    (v) erroneously determined that certain subordinated notes (the "**Subordinated Notes**"), which were the consideration paid for the Spinoff Assets, "had value," [Adv. Pro. D.I. 479 at 73], despite the Plaintiff-Appellant's evidence to the contrary; and

    (v) failed to determine the actual value of the Subordinated Notes, a necessary component of the reasonable equivalent value determination.

10. Whether the Bankruptcy Court erred in its September 13, 2018 Order [Adv. Pro. D.I. 86] in granting summary judgment for defendants Stacy Family Delaware Trust and Schusterman 2008 Delaware Trust on the grounds that they were released from liability by operation of the Plan of Reorganization (the "**Plan**") in the chapter 11 proceedings.

11. Whether the Bankruptcy Court erred in its January 6, 2021 Order [Adv. Pro. D.I. 294] in determining that a debtor can be a "financial participant" as defined by section 101(22A) of the Bankruptcy Code.

12. Whether the Bankruptcy Court erred in its August 30, 2022 Order [Adv. Pro. D.I. 400] in

    (i) ruling that Debtor SIC is a "financial participant" for purposes of Sections 101(22A) and 546(e) of the Bankruptcy Code such that the transfers alleged in the Complaint that

were made by SIC are safe-harbored and may not be avoided by the Trustee, and dismissing Plaintiff-Appellant's claims to the extent of such transfers;

(ii) dismissing the claims against defendants SFT (Delaware) Management, LLC and ST 2008 (Delaware) Management, LLC, Samson Exploration, LLC, and Samson Offshore, LLC on the basis that they were released under the Plan;

(iii) dismissing the claims against C. Philip Tholen, Wilmington Savings Fund Society, FSB, Lynn Schusterman, and Stacy Schusterman, in their capacities as trustees to either the Schusterman 2008 Delaware Trust or the Stacy Family Delaware Trust, on the basis that their respective trusts were released under the Plan; and

(iv) dismissing the claims with prejudice against Lynn Schusterman on the basis that she did not receive or benefit from any of the challenged transfers.

## II. Designation of Items to be Included in the Record on Appeal

Appellant submits the following designation of items to be included in the record on appeal. The designation of each item is also a designation of any exhibits, appendices, and/or addenda attached to or included with such item.

### A. Docket Entries

| Item | Date Filed/Entered | Adv. Pro. D.I. | Description |
|---|---|---|---|
| 1. | 9/15/2017 | 1 | Complaint |
| 2. | 3/28/2018 | 32 | Omnibus Opposition to Defendants' Motions to Dismiss |
| 3. | 3/28/2018 | 33 | Declaration of Douglas Baumstein in Support of Plaintiff's Opposition to Defendants' Motions to Dismiss, and Exhibits A-E attached thereto |
| 4. | 5/10/2018 | 42 | Order Approving Stipulation of Partial Dismissal Without Prejudice |
| 5. | 6/4/2018 | 56 | Transcript regarding Hearing Held 5/31/2018 Re: Oral Argument/Pretrial Conference |
| 6. | 6/11/2018 | 58 | PDF with Audio File Attachment of Telephonic Hearing Held 6/11/2018[1] |
| 7. | 6/15/2018 | 61 | Order Granting Samson Defendants' Motion to Dismiss Counts II, IV, and the Correlative Portion of Count V of the Plaintiff's Complaint |
| 8. | 6/29/2018 | 63 | Opposition of Samson Settlement Trust to Stacy Schusterman's Motion for Summary |

---

[1] A copy of the transcript of Hearing held on 06/11/2018 is attached hereto as Exhibit B.

|     |            |     |                                                                                                                                                                                                                                                     |
| --- | ---------- | --- | --------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     |            |     | Judgment as to Counts III, IV and Correlative Portions of Count V of the Complaint                                                                                                                                                                  |
| 9.  | 6/29/2018  | 64  | [SEALED] Opposition of Samson Settlement Trust to Motion for Summary Judgment Based on Plan Release                                                                                                                                                 |
| 10. | 06/29/2018 | 65  | [SEALED] Omnibus Declaration of John Ramirez in Support of Opposition to Stacy Schusterman Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment Based on Plan Release, and Exhibits 1-33 attached thereto          |
| 11. | 7/26/2018  | 77  | Transcript regarding Hearing Held 7/24/2018 Re: Summary Judgment Motion/Pretrial Conference                                                                                                                                                         |
| 12. | 8/3/2018   | 79  | Letter to The Honorable Brendan L. Shannon Regarding Moving Defendants' Subsequent Authority                                                                                                                                                        |
| 13. | 8/24/2018  | 81  | Notice of Dismissal of Defendants Jerome "Jay" Schusterman, Mary Lee, Haley Schusterman, Carol Wilson, Dale Schusterman, Deborah Morrison, Renee Morrison, Judy Poznik, Tamara Salkin, and Shane Froebel                                            |
| 14. | 8/30/2018  | 82  | Opinion Regarding Motion for Summary Judgment Based on Plan Release                                                                                                                                                                                 |
| 15. | 9/13/2018  | 86  | Order Granting in Part and Denying in Part Moving Defendants' Motion for Summary Judgment                                                                                                                                                           |
| 16. | 7/10/2019  | 153 | Letter to The Honorable Brendan L. Shannon Regarding Response to Defendants' June 3, 2019 Motion to Compel Letter                                                                                                                                   |
| 17. | 7/12/2019  | 155 | PDF with Audio File regarding Hearing held on 7/12/2019[2]                                                                                                                                                                                          |
| 18. | 1/9/2020   | 181 | Opposition of Samson Settlement Trust to Defendants' Request for Leave to File Motion for Summary Judgment Under Bankruptcy Code Section 546(e)                                                                                                     |
| 19. | 1/9/2018   | 182 | Declaration of Ashley Rona Chase in Support of Opposition of Samson Settlement Trust to Defendants' Request for Leave to File Motion for Summary Judgment Under Bankruptcy Code Section 546(e), and Exhibit A attached thereto                      |
| 20. | 3/6/2020   | 192 | Order Granting Defendants' Motion for Leave to File a Motion for Summary Judgment                                                                                                                                                                   |

---

[2] A copy of the transcript of Hearing held on 07/12/2019 is attached hereto as Exhibit C.

| | | | |
|---|---|---|---|
| 21. | 4/20/2020 | 207 | Samson Settlement Trustee's Cross Motion for Summary Judgment Under Bankruptcy Code Section 546(e) |
| 22. | 4/20/2020 | 208 | [SEALED] Memorandum of Law in Support of Trustee's Opposition to Defendants' Summary Judgment Motion and Trustee's Cross-Motion for Summary Judgment |
| 23. | 4/20/2020 | 209 | [SEALED] Declaration of Ashley Rona Chase in Support of Trustee's Opposition to Defendants' Summary Judgment Motion and Trustee's Cross-Motion for Summary Judgment, and Exhibits A-EE attached thereto |
| 24. | 5/29/2020 | 225 | [SEALED] Samson Settlement Trustee's Reply Memorandum of Law in Support of Trustee's Cross-Motion for Summary Judgment |
| 25. | 5/29/2020 | 227 | [SEALED] Samson Settlement Trustee's Opposition to Samson Defendants' Motion to Strike Chase Declaration |
| 26. | 5/29/2020 | 228 | [SEALED] Supplemental Declaration of Ashley Rona Chase in Support of Settlement Trustee's Reply in Support of Cross Motion for Summary Judgment, and Exhibits S-A through S-D attached thereto |
| 27. | 6/5/2020 | 236 | Letter to The Honorable Brendan L. Shannon Regarding Sur-Reply and Oral Argument |
| 28. | 10/30/2020 | 258 | Notice of Receipt for Request for Transcript of Hearing held on 10/29/2020[3] |
| 29. | 12/23/2020 | 292 | Opinion Regarding Cross-Motions for Summary Judgment Under 11 U.S.C. § 546(e) |
| 30. | 1/6/2021 | 294 | Order (I) Granting in Part and Denying in Part Samson Defendant's Motion for Summary Judgment and (II) Denying Samson Settlement Trustee's Cross-Motion for Summary Judgment |
| 31. | 03/16/2021 | 304 | Notice of Hearing re Smidt Deposition Disputes[4] |
| 32. | 3/16/2021 | 305 | Letter to The Honorable Brendan L. Shannon from Michael J. Farnan Regarding Response to Defendants' March 15, 2021 Letter |
| 33. | 4/30/2021 | 308 | [SEALED] Letter to The Honorable Brendan L. Shannon from Michael J. Farnan Regarding Discovery Dispute Filed by Peter Kravitz |
| 34. | 5/26/2021 | 312 | Letter from Court Regarding discovery dispute |

[3] A copy of the transcript of Hearing held on 10/29/2020 is attached hereto as Exhibit D.

[4] Appellant has placed an order for the transcript of Hearing held on 3/16/2021.

| 35. | 6/22/2021 | 317 | Letter from Court Regarding in camera review of documents |
| 36. | 7/15/2021 | 321 | Opposition of Samson Settlement Trust to Defendants' Motion to Compel Disclosure of Triggering Creditors |
| 37. | 8/5/2021 | 328 | Transcript regarding Hearing Held 07/29/2021 Re: Motion to Compel Disclosure |
| 38. | 12/13/2021 | 338 | Notice of Hearing for December 14, 2021[5] |
| 39. | 4/15/2022 | 354 | [SEALED] Samson Settlement Trustee's Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment Under Bankruptcy Code Section 546(e) |
| 40. | 4/15/2022 | 355 | [SEALED] Samson Settlement Trustee's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment as to Certain Defendants |
| 41. | 4/15/2022 | 356 | [SEALED] Declaration of Lijun Zhang in Support of Trustee's Oppositions to Motions for Partial Summary Judgment, and Exhibits A-EE attached thereto |
| 42. | 7/6/2022 | 378 | Samson Settlement Trustee's Motion in Limine to Exclude Expert Testimony of Suzanne B. Roski Filed by Peter Kravitz |
| 43. | 7/6/2022 | 379 | [SEALED] Memorandum of Law in Support of Samson Settlement Trustee's Motion in Limine to Exclude Expert Testimony of Suzanne B. Roski |
| 44. | 7/6/2022 | 380 | Samson Settlement Trustee's Motion in Limine to Exclude Expert Testimony of Steven T. Almrud |
| 45. | 7/6/2022 | 381 | [SEALED] Memorandum of Law in Support of Samson Settlement Trustee's Motion in Limine to Exclude Expert Testimony of Steven T. Almrud |
| 46. | 7/7/2022 | 382 | [SEALED] Declaration of Lijun Zhang in Support of Samson Settlement Trustee's Motions in Limine to Exclude Expert Testimony of Suzanne B. Roski and Steven T. Almrud, and Exhibits A-I attached thereto |
| 47. | 8/4/2022 | 388 | Opinion Regarding Summary Judgment Motions |
| 48. | 8/15/2022 | 395 | Samson Settlement Trustee's Omnibus Reply in Support of Motions in Limine to Exclude |

---

[5] Appellant has placed an order for the transcript of Hearing held on 12/14/2021.

| | | | |
|---|---|---|---|
| | | | Expert Testimony of Suzanne B. Roski and Steven T. Almrud |
| 49. | 8/17/2022 | 397 | Revised Pretrial Order |
| 50. | 8/23/2022 | 400 | Order (I) Granting Samson Defendants Motion for Partial Summary Judgment under Bankruptcy Code Section 546(e), and (II) Granting in Part and Denying in Part Motion of Certain Defendants for Summary Judgment |
| 51. | 8/30/2022 | 403 | Letter to the Honorable Brendan L. Shannon from Colin T. West Regarding Evidentiary Issue |
| 52. | 9/1/2022 | 408 | Letter from Court Regarding Motions in Limine |
| 53. | 9/2/2022 | 416 | Notice of Filing of Plaintiff's Trial Exhibit List Filed by Peter Kravitz |
| 54. | 9/2/2022 | 417 | [SEALED] Plaintiff's Pretrial Brief |
| 55. | 9/6/2022 | 423 | PDF with Audio File regarding Hearing held on 9/6/2022[6] |
| 56. | 9/7/2022 | 424 | Notice of Filing of Plaintiff's Revised Trial Exhibit List Filed by Peter Kravitz |
| 57. | 9/7/2022 | 425 | Court's Letter to Counsel Regarding Certain Documents and Testimony |
| 58. | 9/20/2022 | 430 | [SEALED] Trustee's Consolidated Brief (1) In Support of the Trustee's Objections to Certain of the Direct Testimony in the Declarations of Mr. Shane Randolph and Mr. Steven Almrud and (2) In Opposition to Defendants' Bench Briefs Seeking the Admission of Other Expert Opinion Materials |
| 59. | 9/20/2022 | 431 | [SEALED] Exhibit(s) A-1 to Trustee's Consolidated Brief (1) In Support of the Trustee's Objections to Certain of The Direct Testimony in the Declarations of Mr. Shane Randolph and Mr. Steven Almrud and (2) In Opposition to Defendants' Bench Briefs Seeking the Admission of Other Expert Opinion Materials |
| 60. | 9/20/2022 | 432 | [SEALED] Exhibit(s) A-2 to Trustee's Consolidated Brief (1) In Support of the Trustee's Objections to Certain of the Direct Testimony in the Declarations of Mr. Shane Randolph and Mr. Steven Almrud and (2) In Opposition to Defendants' Bench Briefs Seeking the Admission of Other Expert Opinion Materials |

---

[6] A copy of the transcript of Hearing held on 9/6/2022 is attached hereto as Exhibit E.

| | | | |
|---|---|---|---|
| 61. | 9/20/2022 | 433 | [SEALED] Exhibit(s) B-1 to Trustee's Consolidated Brief (1) In Support of the Trustee's Objections to Certain of the Direct Testimony in The Declarations of Mr. Shane Randolph and Mr. Steven Almrud and (2) In Opposition to Defendants' Bench Briefs Seeking the Admission of Other Expert Opinion Materials |
| 62. | 9/20/2022 | 434 | [SEALED] Exhibit(s) B-2 to Trustee's Consolidated Brief (1) In Support of the Trustee's Objections to Certain of the Direct Testimony in the Declarations of Mr. Shane Randolph and Mr. Steven Almrud and (2) In Opposition to Defendants' Bench Briefs Seeking the Admission of Other Expert Opinion Materials |
| 63. | 9/20/2022 | 435 | [SEALED] Exhibit(s) C to Trustee's Consolidated Brief (1) In Support of the Trustee's Objections to Certain of the Direct Testimony in the Declarations of Mr. Shane Randolph and Mr. Steven Almrud and (2) In Opposition to Defendants' Bench Briefs Seeking the Admission of Other Expert Opinion Materials |
| 64. | 9/20/2022 | 436 | [SEALED] Exhibit(s) D to Trustee's Consolidated Brief (1) In Support of the Trustee's Objections to Certain of the Direct Testimony in the Declarations of Mr. Shane Randolph and Mr. Steven Almrud and (2) In Opposition to Defendants' Bench Briefs Seeking the Admission of Other Expert Opinion Materials |
| 65. | 9/29/2022 | 440 | Transcript regarding Hearing Held 09/12/22 Re: Trial Day 1 |
| 66. | 9/29/2022 | 441 | Transcript regarding Hearing Held 09/14/22 Re: Trial Day 2 |
| 67. | 9/29/2022 | 442 | Transcript regarding Hearing Held 09/15/22 Re: Trial Day 3 |
| 68. | 9/29/2022 | 443 | Transcript regarding Hearing Held 09/16/22 Re: Trial Day 4 |
| 69. | 9/29/2022 | 444 | Transcript regarding Hearing Held 09/19/22 Re: Trial Day 5 |
| 70. | 9/29/2022 | 445 | Transcript regarding Hearing Held 09/20/22 Re: Trial Day 6 |
| 71. | 9/29/2022 | 446 | Transcript regarding Hearing Held 09/21/22 Re: Trial Day 7 |

| 72. | 9/29/2022 | 447 | Transcript regarding Hearing Held 09/22/22 Re: Trial Day 8 |
| 73. | 9/29/2022 | 448 | Transcript regarding Hearing Held 09/23/22 Re: Trial Day 9 |
| 74. | 10/5/2022 | 450 | Letter from Court Regarding Admissibility of Deposition Transcripts |
| 75. | 10/11/2022 | 451 | Transcript regarding Hearing Held 09/28/22 Re: Trial Day 10 |
| 76. | 10/11/2022 | 452 | Transcript regarding Hearing Held 09/29/22 Re: Trial Day 11 |
| 77. | 10/11/2022 | 453 | Transcript regarding Hearing Held 09/30/22 Re: Trial Day 12 |
| 78. | 10/17/2022 | 455 | Transcript regarding Hearing Held 10/12/22 Re: Motion of Zimmerman, Inc. |
| 79. | 11/5/2022 | 459 | [SEALED] Letter Regarding post-trial disputes |
| 80. | 11/16/2022 | 461 | Letter Ruling Regarding Disputed Exhibits |
| 81. | 11/22/2022 | 463 | [SEALED] Plaintiff's Post-Trial Brief |
| 82. | 12/13/2022 | 469 | Transcript regarding Hearing Held 12/08/22 Re: Omnibus |
| 83. | 6/14/2023 | 479 | Opinion Regarding Fraudulent Transfers |
| 84. | 7/7/2023 | 482 | Final Judgment |
| 85. | 7/21/2023 | 486 | Plaintiff's Notice of Appeal |

**B. Exhibits and Deposition Testimony**

All exhibits and deposition testimony admitted into the evidence at trial shall be designated by Appellant. Attached as **Exhibit A** is a full list of what Appellant understands to be all exhibits and deposition testimony admitted into evidence. Appellant will supply all such evidence to the extent necessary and at the Court's request but will direct the Court to the relevant portions of the exhibits in the joint appendix to be filed with Appellant's opening brief.

## RESERVATION OF RIGHTS

Appellant expressly reserves his right to amend or supplement this Designation and/or to object, or otherwise supplement or move to strike or modify, some or all of any designation filed by any other party to this appeal. This filing is made expressly subject to, and without waiver of, any and all rights, remedies, challenges and objections.

<table>
<tr><td>Date: August 4, 2023</td><td>Respectfully submitted,<br><br>**FARNAN LLP**<br><br>*/s/ Michael J. Farnan*<br>Joseph J. Farnan, Jr. (Bar No. 100245)<br>Joseph J. Farnan, III (Bar No. 3945)<br>Michael J. Farnan (Bar No. 5165)<br>919 North Market St., 12th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 777-0300<br>Facsimile: (302) 777-0301<br>farnan@farnanlaw.com<br>jjfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>Thomas E Lauria (*pro hac vice*)<br>**WHITE & CASE LLP**<br>Southeast Financial Center, Suite 4900<br>200 South Biscayne Blvd.<br>Miami, FL 33131<br>Telephone:    (305) 371-2700<br>Facsimile:    (305) 358-5744<br>tlauria@whitecase.com<br><br>J. Christopher Shore (*pro hac vice*)<br>Colin T. West (*pro hac vice*)<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone:    (212) 819-8200<br>Facsimile:    (212) 354-8113<br>cshore@whitecase.com<br>cwest@whitecase.com<br><br>*Attorneys for the Settlement Trustee*</td></tr>
</table>